UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACOB SMITH and MELYSSA L. SMITH PLAINTIFFS

V. CIVIL ACTION NO. 3:26-CV-985-KHJ-ASH

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL. DEFENDANT

ORDER

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") has filed a motion to extend two deadlines in this diversity case. Plaintiffs Jacob and Melyssa Smith do not oppose Allstate's motion. For the reasons that follow, the Court grants the motion in part and denies it in part.

Allstate first asks the Court to extend its responsive pleading deadline to 10 days after the Court rules on the Plaintiffs' Motion to Remand. Allstate removed this case to federal court, but now seeks to stay its obligation to respond to the lawsuit while the motion to remand is pending. Allstate fails to demonstrate a satisfactory reason why the Court should delay the pleadings from closing. This Court's Local Rules dictate that a motion to remand stays non-remand-related *discovery* pending the court's ruling. L.U. Civ. R. 16(b). But nothing in the Local Rules supports a stay of the entire case and its pleading deadlines. Allstate fails to provide a memorandum, and the Court declines its invitation to waive the requirement. More to the point, though, Allstate provides no caselaw supporting its request for a stay. Regardless, this court has discretion as to whether to grant a stay. *See Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) ("Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency."). In the Court's view, and on this record, a stay is unwarranted.

This Court also has vast discretion to grant or deny requests for extensions of time. *See Bohannan v. Griffin*, 709 F. App'x 283, 284 (5th Cir. 2018) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995)). In an exercise of that discretion, and to ensure this case progresses, the Court will grant Allstate's request in part and deny it in part. Rather than extending the deadline to 10 days after a ruling on the Motion to Remand, the Court grants a 45-day extension. This extension provides Allstate with additional time, but it also keeps the case moving toward resolution. Allstate's answer or responsive pleading shall be due on or before January 8, 2027.

Allstate also asks the Court for a seven-day extension of its deadline to file a response to the Motion to Remand. The Court grants this request. Allstate's response to the Motion to Remand shall be due on or before December 7, 2026.

**SO ORDERED AND ADJUDGED** this the 24th day of November, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE